On the Merits.
The opinion of the court was delivered by
Breaux, J.
Plaintiff, wliose occupation is that of a cart driver, brought this action to recover damages for injuries he alleged he received in alighting from a street ear owned and run by the defendant. He avers, that he is a cripple and can not walk straight; that on the 29th of November, 1898, at about six o’clock in the morning, he got on one of the cars of the defendant at the corner of Carrollton and Tulane avenues, and that as he was about to alight from the car at the corner of Tulane avenue and Yillere street, but before he could descend from the car, the conductor gave the usual signal, and the motorneer hurriedly started the ear, and thereby caused him, petitioner, to fall and injure himself on the head and body; that he lost time, in consequence, and another man was employed in his place while he was ill and suffering too much to return to his work.
Defendant answering, alleges that if plaintiff was injured by its ears, the accident was due to his fault, and it denies all liability.
The witnesses contradict each other, and for that reason, it is difficult to determine with certainty what are the facts of the case. The plaintiff, as a witness, says that the car on which he was riding did not stop long enough for him to alight; that by the sudden start, he was thrown six or seven feet on his head; and that the conductor was inside the ear at the time.
*1202 One of the fellow-passengers of the plaintiff was examined as a witness. He knew nothing of the asserted fall in which plaintiff claims to have suffp~ed injury. There were two men, employees at the Charity Hosph^j., who saw plaintiff lying in the street. They helped him np, and brought him to the Hospital. When he was on the ground, he was between the banquette in front of the Hospital and the first track, at or near the stopping place of the car. They, however, knew nothing of any accident. They saw plaintiff on the ground, picked him up, and brought him to the place just mentioned. The physician who dressed his wound said that it was only a slight incised wound on the temple, and that he was not seriously hurt.
The conductor of the car says that plaintiff, as a passenger was very imprudent; that on other days when plaintiff was a passenger, he warned him not to jump off when the car was in motion; that the morning plaintiff says he fell off, he jumped off (quoting from the testimony) “while I was collecting a fare from a passenger in the third seat. A lady got on, and a .lady was ready to get off the car, and I rang two bells to go ahead, and I saw this man walking, and the man who works at' the power house was there on the back platform, and he said ‘all right,’ ” and the witness gave the'usual signal to the motorneer to go ahead with the car. The name of the man to whom witness refers was Smith, an employee of the defendant at its powerhouse. He was a passenger on the platform of the car, being an employee of the defendant going to his work. He was called as, a witness, and testified to a different state of facts. The conductor,- he says, was standing near him on the platform, and he did not, as the conductor said, make a áign to the conductor to go ahead. The conductor is contradicted in two important particulars by Smith. The clash of contradiction in the statements of these two witnesses, leaves very little, if anything, upon which to base a conclusion favorable to the defendant. The conductor either lost his temper while testifying, or his want- of concern for this passenger on his car at the time of the accident rendered him inaccurate in testifying about the facts. We take it that the place of the conductor is on the platform when the car stops to enable passengers to alight. If he is called away at the time, he should be able, in case of an accident, to account for his absence. In this he failed.
It is unquestionably true that the plaintiff was injured, and that he was picked up at a place of alighting on his way to the place where *1203 be worked. He bas given a straight account of the accident, while that of the witnesses for the defendant is by no means convincing. After having given the matter our earnest attention, we conclude that the judgment should remain undisturbed.
There is a presumption sustaining every judgment until it becomes evident that the judge a quo has erred. Our study of the case has not convinced us that he has erred.
Plaintiff filed an answer in which he asked for an increase of the amount of the judgment. As the injuries were not severe, the judgment allowing one hundred dollars damage, we think, is enough, and, therefore, we affirm it.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed.